﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200312-71452
DATE: January 29, 2021

REMANDED

Entitlement to an extension of a temporary total evaluation beyond February 29, 2020, based on a need for convalescence following lumbar spine surgery, pursuant to 38 C.F.R. § 4.30, is remanded.

REASONS FOR REMAND

A rating decision was issued in November 2019 by the Department of Veterans Affairs (VA) Regional Office (RO). In December 2019, the Veteran requested supplemental claim review of the November 2019 rating decision based on new and relevant evidence. In February 2020, the RO issued the rating decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. 

In March 2020, the Veteran disagreed with the February 2020 rating decision and elected the Direct Review docket before the Board of Veterans’ Appeals (Board). Therefore, the Board may only consider the evidence of record at the time of the RO decision on appeal. 38 C.F.R. § 20.301. Remand is permitted only to correct a pre-decisional error, or for any other error the correction of which raises a reasonable possibility of aiding in substantiating the claim. 38 C.F.R. § 20.802. 

The RO issued an additional rating decision in April 2020, after the Veteran submitted the VA Form 10182, which extended the temporary total evaluation through February 29, 2020. The Board is bound by this favorable finding; thus, the issue before the Board is entitlement to an extension of a temporary total rating beyond February 29, 2020. 

Prior to the February 2020 rating decision on appeal, the Veteran identified relevant outstanding private treatment records in the December 2019 VA Form 20-0995. There are two orthopedic providers with similar names who appear to be located in the same medical services center. The Veteran submitted records for University Orthopedics, but there is nothing of record from the Center from Orthopedics. A remand is required to allow VA to obtain these records.

The matter is REMANDED for the following action:

Contact the Veteran and request properly executed VA Form 21-4142, Authorization to Disclose Information to the Department of Veterans Affairs (VA), and/or VA Form 21-4142a, General Release for Medical Provider Information to the Department of Veterans Affairs, as appropriate, for the Center for Orthopedics, as opposed to University Orthopedics at the same address.

Upon receipt of such, VA must take appropriate action to contact the identified providers and request complete treatment records related to the Veteran’s back surgery and convalescence. The Veteran should be informed that in the alternative he may submit the records himself.

 

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W. Ripplinger, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.